UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THE PLANT GALLERY, INC.          *          CIVIL ACTION

VERSUS                           *          NO: 06-7692

HANOVER INSURANCE COMPANY,       *          SECTION: "D"(2)
ET AL

## ORDER AND REASONS

Before the court is the **"Motion to Remand"** filed by Plaintiff,

The Plant Gallery, Inc.  Defendant, The Hanover Insurance Company,

filed a memorandum in opposition.  The motion, set for hearing on

Wednesday,  January 17, 2007, is before the court on briefs,

without oral argument.  Now, having considered the memoranda of

counsel, the record, and the applicable law, the court finds that

the motion should be denied.

## I.  Background

In  this  Katrina-related  matter,  Plaintiff  (allegedly  a

Louisiana corporation) initially filed suit in the Civil District

Court for the Parish of Orleans, State of Louisiana, against its

property insurer, Hanover (a foreign company), and Worley Claims

Services,  Inc.  (allegedly  a  Louisiana  corporation),  allegedly

"hired by and the agent and representative of Hanover for the purposes of adjusting plaintiffs' claim for Katrina storm damages covered by Hanover's policy..." (Petition at ¶2).

Plaintiff's specific allegations regarding Worley are contained in Paragraph 12 of Plaintiff's Petition:

12.

> Defendant, Hanover sometime in the month of September [2005] sent its first claims representative, an adjuster from Worley, to plaintiff's property for purposes of inspecting and investigating the damages. On information and belief this initial adjuster did not even get out his car and after his drive-by advised plaintiff that there was Three Thousand ($3,000.00) Dollars worth of damage to its property. Thereafter, plaintiff through a series of correspondence and email suffered through an adjusting process with defendants, Hanover and Worley [*sic*] to assess and determine the damages sustained to plaintiff's property caused by the storm. Damages resulting from the cause of loss by flood is separate and apart from its coverages under Hanover's wind storm policy. Hanover initially denied plaintiff's claim. As a result of denial of their claim, plaintiffs retained their own experts to examine the damages to its property caused by Hurricane Katrina.

(Petition at ¶12).

Plaintiff initially claims that "Hanover is responsible for all allegations of fault and neglect against Worley under the doctrines of agency and respondeat superior." (Petition at ¶2). But later in its Petition, Plaintiff asserts:

2

26.

> Defendant Hanover is liable for acts and
> omissions of its agents, employees and
> representatives in the handling of plaintiffs'
> claim. Worley Claims Service is individually
> liable for the acts of its agents, employees
> and representatives in failing to adjust
> plaintiffs' claim in good faith and in failing
> to disclose material information to plaintiffs
> causing further delays and damages as a
> result.

(Petition at ¶ 26).

Hanover removed the matter to this court arguing that Plaintiffs fraudulently joined Worley to defeat diversity jurisdiction. Hanover alternatively removed the matter under the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA), 28 U.S.C. §1441(e)(1)(B), asserting that "(1) this action involves an insurance claim flowing from Hurricane Katrina - an accident which claimed more than 75 lives at a discrete location; and (2) Hanover is a defendant in another action pending in this Court involving similar issues, and over which the Court would have had original jurisdiction under 28 U.S.C. section 1369." (*See* Notice of Removal at p. 2).

In its Motion to Remand, Plaintiff argues that Worley is not fraudulently joined, thus the court lacks diversity jurisdiction.[1]

---

[1] There is no dispute that the amount in controversy exceeds $75,000.

3

Further, Plaintiff argues that there is no jurisdiction under the MMTJA.  As the court next discusses, the court agrees that there in no jurisdiction under the MMTJA, but the court finds that Worley has been fraudulently (or improperly) joined.

## II.  Legal Analysis

**A.  The Court does not have jurisdiction under the MMTJA.**[2]

The MMTJA provides in relevant part:

**§1369.  Multiparty, multiforum jurisdiction**

(a)  **In general.-**The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if-

   (1)  a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;

   (2)  any two defendants reside in difference States, regardless of whether such defendants are also residents of the same State or States; or

   (3)  substantial parts of the accident took place in difference States.

---

[2]     The court notes that while Defendant asserted jurisdiction under the MMTJA in its removal papers, it has abandoned such an assertion in its opposition to Plaintiff's Motion to Remand, concentrating only on its assertion of fraudulent joinder and diversity jurisdiction.

> **(b)** **Limitation of jurisdiction of district courts.-**The
> district court shall abstain from hearing any civil
> action described in subsection (a) in which-
>
> > (1) the substantial majority of all
> > plaintiffs are citizens of a single State
> > of which the primary defendants are also
> > citizens; and
> >
> > (2) the claims asserted will be governed
> > primarily by the laws of that State.

28 U.S.C. §1369.[3]

An "accident" under §1369 is defined as "a sudden accident, or natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 persons."  28 U.S.C. §1369(c)(4).  Here, the court does not have original jurisdiction under §1369, because Hurricane Katrina is not an "accident" as that term is defined in the MMTJA.[4]

Hanover also asserts in its removal papers that the court has supplemental jurisdiction  under 28 U.S.C. §1441(e)(1)(B), because

---

[3]    "The MMTJA was designed to ameliorate the restrictions on the exercise of federal jurisdiction that ultimately forced parties in multiple suits arising from the same disaster to litigate in several fora."  *Wallace v. Louisiana Citizens Property Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006). The ultimate goal of the MMTJA is consolidation.  *Id.*

[4]    *See e.g., Haas v. Lafayette Ins.* Co., 2006 WL 3437498, EDLA No. 06-8975, Doc. No. 6 (McNamara, J.); Flint *v. Louisiana Farm Bureau Mutual Ins. Co.*, EDLA No. 06-2546, Doc. No. 19 (Duval, J.); *Berry v. Allstate Ins. Co.*, EDLA 06-4922, Doc. No. 8 (Zainey, J.); *Southall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (Barbier, J.); *Fidelity Homestead Ass. v. The Hanover Ins. Co.*, EDLA No. 06-3511, Doc. No. 26 (Berrigan, J.); *Southern Athletic Club, LLC v. The Hanover Ins. Co.*, EDLA No. 06-2605, Doc. No. 28 (Lemmon, J.); and *Carroll v. Lafayette Ins. Co.*, EDLA No. 06-3955, Doc. No. 20 (LeMelle, J.).

Defendant is already a defendant in multiple cases where jurisdiction is proper under the MMTJA, 28 U.S.C. §1369.  The full text of 28 U.S.C. §1441(e)(1) provides:

> a defendant in a civil action in State court may remove that action to the district court of the United States for the district court and division embracing the place where the action is pending if-
>
> (A)   the action could have been brought in the United States district court under section 1369 of this title; or
>
> **(B)   the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter**.

28 U.S.C. §1441(e)(1) (emphasis added).

As the Fifth Circuit has reasoned:

> §1441(e)(1)(B) permits removal in those situations where original federal subject matter jurisdiction does not exist ... When the requirements of §1441(e)(1)(B) are met, defendants need not establish the existence of independent subject matter jurisdiction under any other provision, including under §1369(a), because supplemental jurisdiction has been established.

*Wallace,* 444 F.3d at 702.[5]

---

[5]   The court notes that §1369(b) is not an independent bar to exercise of jurisdiction over a case removed pursuant to §1441(e)(1)(B), because §1369(b) applies only to the exercise of original jurisdiction under

However, in this case, the court rejects Defendant's argument that this court can exercise supplemental jurisdiction under §1441(e)(1)(B) based on the fact that Defendant is already a defendant in other actions pending in this court.  To the extent that these other cases are based on Hurricane Katrina, they could not have been brought under the MMTJA because, again, Hurricane Katrina is not an "accident" as that term is defined in the MMTJA. Further, in *Chehardy*, it has been found that "§1369 jurisdiction exists ... because the levee break is the requisite accident that caused the death of at least 75 natural persons at a discrete location."[6]

In this case, Plaintiff makes no allegation about levee breaches and Hanover presents no allegations of a levee breach in its removal papers or opposition memorandum.  Thus, the court finds that it has no "piggy-back jurisdiction" under §1441(e)(1)(B).

§1369(a).  *Wallace*, 444 F.3d at 702.

[6]     In *Flint v. Louisiana Farm Bureau Mutual Ins. Co.*, No. 06-2546, Doc. No. 19, p. 7, Judge Duval found that:

> [*Chehardy v. State Farm Fire & Casualty Co.*, a case transferred from the Middle District of Louisiana to the Eastern District, No. 06-1672, and now pending in Section K under lead case, No. 05-4182, *In re: Katrina Breaches Litigation*] arises from a levee break that caused both loss of life and property damage. Therefore, the Court concludes that §1369 jurisdiction exists in *Chehardy* because the levee break is the requisite that caused the death of at least 75 natural persons at a discrete location.

*Wallace*, 444 F.3d at 702.

## B.  Defendant Worley was fraudulently or improperly joined.[7]

There  are  two  ways  to  establish  fraudulent  or  improper
joinder: (1) actual fraud in the pleading of jurisdictional facts,;
or  (2)  the  inability  of  the  plaintiff  to  establish  a  cause  of
action  against  the  non-diverse  party  in  state  court.  *Guillory v.
PPG Industries, Inc.*,  434  F.3d  303,  308  (5th  Cir.  2005),  *citing
Smallwood v. Illinois Cent. R.R. Co.*,  385  F.3d  568,  573  (5th  Cir.
2004)(*en banc*).

The first--actual fraud--is not at issue in this case.  With
the  second,  the  court  must  determine  "whether  the  defendant  has
demonstrated  that  there  is  no  possibility  of  recovery  by  the
plaintiff against the in-state defendant, which stated differently
means that there is no reasonable basis for the district court to
predict that the plaintiff might be able to recover against an in-
state  defendant."   *Guillory*,  434  F.3d  at  308,  *quoting Smallwood*,
383 F.3d at 573.

The  burden  of  proof  is  on  the  removing  party.   To determine
the  validity  of  an  improper  joinder  claim,  the  court  "must
evaluate all of the factual allegations in the light most favorable

---

[7]      The Fifth Circuit now refers to "fraudulent joinder" as "improper
joinder."  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 n. 1 (5th Cir.
2004)(*en banc*).

to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory*, 434 F.3d at 308 (citation omitted). Additionally, the court must resolve all ambiguities in the controlling state law in the plaintiff's favor. *Id*. The court does not determine "whether the plaintiff will actually or even probably prevail on the merits of the case, but look only for a possibility that the plaintiff might to do." *Id*. at 308-09.

The court may resolve the issue of whether plaintiff has a reasonable basis of recovery under state law in two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the state-court petition to determine whether the petition states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6)-type challenge, there is no improper joinder. "That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id*. at 309. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Id.*

In this case, the court finds at the outset that as a matter of law, Plaintiff has no claims against Worley (which is not an

9

insurance company) under the Louisiana Insurance Code, LSA-R.S. 22:658 and LSA-R.S. 22:1220, or for breach of contract. *See Rosinia v. Lexington Ins. Co.*, 2006 WL 3141247 *1 (E.D.La. 2006)(Barbier, J.); and *M7M Towing Co., Inc. v. United Capitol Ins. Co.*, 1998 WL 169694 at *1 (E.D.La. 1998)(McNamara, J.).

With regard to insurance adjusters (such as Worley), Louisiana courts have consistently held that as a general rule, an insurance adjuster owes no duty to an insured to properly investigate or handle claims, or advise an insured on coverage issues. *See e.g.*, *Pellerin v. Cash Pharmacy*, 396 So.2d 371 (La. App. 1st Cir. 1981)(no duty on the part of an insurance adjuster to advise a claimant of the proper prescriptive period); *Rosinia v. Lexington Ins. Co.*, 2006 WL 3141247 *1 (E.D.La. 2006)(Barbier, J.)(although insured plaintiff claimed that insurance adjuster failed to act timely and absconded with their documentation, an insurance adjuster had no independent tort duty to the insured); *Rich v. Bud's Boat Rentals, Inc.*, 1997 WL 785668 (E.D.La. 1997)(Vance, J.)(although insured plaintiff alleged that adjuster negligently and carelessly investigated the insured's claims, there were no facts alleged from which adjuster could be said to have undertaken a duty to the insured).

However, in *Pellerin*, the court stated that an adjuster could

10

possibly assume a tort duty to the insured (i.e, in that case, a duty to disclose the prescriptive period to an insured) in certain circumstances depending on the "relative education of the parties, the diligence of the claimant in seeking the facts, **the actual or apparent authority of the adjuster, the content of his promises to the claimants, misrepresentation or fraud**." *Pellerin*, 396 So.2d at 373 (emphasis added).  Apparently believing the adjuster may have undertaken or assumed a duty to inform the insured of prescription, the *Pellerin* court remanded with instructions to allow the plaintiff to amend her petition to allege such a breach of duty.

In *Alarcon v. Aetna Cas. & Sur. Co.*, 538 So.2d 696 (La. App. 5th Cir. 1989), the plaintiff sued Aetna and its adjuster for alleged negligent acts of omission and commission including: failing to evaluate the homeowners's claim in a timely manner; failing to make any meaningful effort to evaluate the homeowner's claim; failing to attempt to make a reasonable settlement of the homeowner's claim; and failing to fulfill the terms of the contract.  *Id*. at 699.  The appellate court found that these allegations although described as "negligent acts of omission and commission" did not propose that the adjuster had assumed a duty toward the plaintiff which he breached.  *Id*.  Thus, the court found that the trial court had correctly maintained the exception of no

cause of action as to the tort claim against the adjuster and
Aetna.  *Id*.  However, the appellate court held "that under some
circumstances a tort duty may exist in the settlement of an
insurance claim and that the plaintiffs must be given the
opportunity to amend their petition."  *Id.*

In *Loehn v. Hardin*, 2002 WL 922380 (E.D.La. 2003)(Porteous,
J.), the Louisiana plaintiffs filed suit in state court against
State Farm and an adjuster, who was a Louisiana resident employed
by State Farm.  Plaintiffs' allegations against the adjuster
included breach of the duty to properly handle plaintiff's claim by
denying the claim after a cursory inspection and by misrepresenting
the various coverages in the policy.  State Farm removed the suit
to federal court alleging that the adjuster was fraudulently
joined, and plaintiffs filed a motion to remand.

The *Loehn* court found that:

> State Farm had an obvious duty to the
> Plaintiffs to handle their claim.  This duty
> was delegated to ... the adjuster who handled
> the matter for State Farm.

Without ruling on whether there was an actual breach of the
duty, the *Loehn* court found that a duty to the plaintiffs could
have been breached by the adjuster and additionally noted that the
*Alaracon* and *Pellerin* decisions issued by the state courts

12

recognize that under some circumstances a tort duty may exist between an insurance claimant and an insurance adjuster. *See also, Dufrene v. State Farm Fire & Casualty Co.*, 1993 WL 35128 (E.D.La. 1993)(Arceneaux, J.)(granting motion to remand finding that State Farm had delegated to its adjuster the duty to properly handle the plaintiffs' claim, and thus the adjuster who was non-diverse was a proper party destroying the court's diversity jurisdiction).

Further, this court has recently found that an adjuster could have assumed and breached an independent tort duty to investigate and adjust a plaintiff's claim. *See Dillon v. Lincoln General Ins. Co.,* Docket No. 06-7354, 2006 WL 3469554 (E.D.La. November 30, 2006)(McNamara, J.), and *Pelican Hospitality Group v. United National Ins. Co.*, Docket No. 06-6168, Doc. No. 13, 2006 WL 3313721 (E.D.La. November 13, 2006)(McNamara, J.).[8]

In *Dillon*, Plaintiffs essentially alleged that an adjuster first told them that their insured vehicles would be totaled, but then some eleven days later another adjuster told Plaintiffs that total replacement cost would not be paid relative to the vehicles' damage, since the vehicles were repairable. But Plaintiffs also alleged that the first adjuster had indicated an interest in purchasing the vehicles at a reduced cost, either from the

---

[8]      However, the court did not reach the issue of whether or not the adjuster in either case in fact had or breached such a duty.

Petitioners or Lincoln General after the insurance claim was resolved.

In asserting these allegations, the court found that Plaintiff had sufficiently pled "the actual or apparent authority of the adjuster, the content of his promises to the claimants, misrepresentation or fraud" which are the type of *Pellerin* circumstances from which the adjuster may be said to have undertaken an independent tort duty to the insured. *Dillon*, 2006 WL 3469554 at *3.   Likewise, in *Pelican*, the court found that Plaintiff sufficiently pled in its Petition for Damages "the actual or apparent authority of the adjuster" and his "misrepresentation[s]."   *Pelican*, 2006 WL 3313721 at *4.

However, in this case, the court finds that Plaintiff has failed to make allegations from which it could be said that Worley assumed and breached a specific, independent duty to Plaintiff. Further, Plaintiff has failed to allege (or sufficiently allege) that Worley made misrepresentations or false representations or that it exceeded its authority to act of Hanover's behalf.  Rather, Plaintiff specifically alleges that "Hanover is responsible for all allegations of fault and neglect against Worley under the doctrines of agency and respondeat superior."  (Petition at ¶2).  Further, Plaintiff's catch-all allegations asserted in Paragraph 26 of the

Petition are not supported by any allegations of specific facts upon which a tort claim against a claims adjuster may be maintained.[9]

Thus, evaluating all of the factual allegations regarding Defendant Worley in the light most favorable to Plaintiffs, the court concludes that Plaintiff does not have a reasonable basis of recovery against Defendant Worley under Louisiana state law.  Thus, Defendant Worley is an improperly joined defendant, and there is complete diversity between Plaintiff and Hanover.

Accordingly;

**IT IS ORDERED** that Plaintiffs' **"Motion to Remand"** be and is hereby **DENIED;**

**IT IS FURTHER ORDERED** that Defendant Worley be and is hereby

---

[9]      As recited on page 3 of this opinion, Plaintiff alleges in Paragraph 26 that:

> Defendant Hanover is liable for acts and omissions of its agents, employees and representatives in the handling of plaintiffs' claim.  Worley Claims Service is individually liable for the acts of its agents, employees and representatives in failing to adjust plaintiffs' claim in good faith and in failing to disclose material information to plaintiffs causing further delays and damages as a result.

(Petition at ¶ 26).

     The only specific allegation that Plaintiff makes against Worley is that the "initial [Worley] adjuster adjuster did not even get out his car and after his drive-by advised plaintiff that there was Three Thousand ($3,000.00) Dollars worth of damage to its property."  (Petition at ¶ 12).

**DISMISSED** as improperly joined.

New Orleans, Louisiana, this **17th** day of **January, 2007**.


_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE